CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

APR 17 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENYA JAMEL CABINESS, | ) | Civil Action No. 7:17-cv-00513 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARY T. PRICE, et al., | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | Chief United States District Judge |

Kenya Jamel Cabiness, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. §§ 1983 and 2000cc-1, et seq., against Mary T. Price, who Plaintiff says is the Shenandoah County Administrator, and Steven Weaver, who is the Deputy Superintendent of the Rappahannock Shenandoah Warren Regional Jail ("Jail"). Defendants filed a motion to dismiss, to which Plaintiff responded, making this matter ripe for disposition. After reviewing Plaintiff's submissions, the court grants the motion to dismiss, terminates Price as a defendant, and grants Plaintiff leave to amend to file an amended complaint.

I.

On June 19, 2017, Plaintiff requested a tarot card deck and Satanic Bible because he identifies as "a [S]atanist." Staff denied the request, stating that Satanism is not a recognized religion at RSW. On September 29, 2017, Plaintiff requested that the Jail recognize Satanism, but Weaver denied the request. Weaver explained that Jail policy only recognizes religions approved by the Virginia Department of Corrections ("VDOC") and that the VDOC has not recognized Satanism as a religion. Plaintiff was allowed to buy a deck of tarot cards through the Jail's vendor, but he has not been able to buy the book that defines each of the seventy-eight tarot cards. Plaintiff requests as relief that the Jail recognize Satanism and allow him to have a Satanic Bible.

## II.

Defendants argue that the complaint fails to state a plausible claim for relief because he fails to allege: any facts illustrating a sincerely-held religious belief, how failure to receive the Satanic Bible or tarot cards amounts to a substantial burden, or how either defendant intended to impede his religious exercise. The court agrees and grants the motion to dismiss but grants Plaintiff leave to amend the complaint.

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Liberally construed, the complaint presents religious exercise claims pursuant to the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). To determine whether a plaintiff establishes such a claim under the First Amendment or RLUIPA, a court must decide whether a plaintiff sincerely held the avowed belief and whether the belief is, in the plaintiff's own scheme of things, religious. United States v. Seeger, 380 U.S. 163, 185 (1965). Only a personal practice that is both sincerely held and rooted in religious belief falls under the protections of RLUIPA. See Cutter v. Wilkinson, 544 U.S. 709, 725 n.13 (2005) (noting that under RLUIPA, "prison officials may appropriately question whether a prisoner's religiosity, asserted as the basis for a requested accommodation, is authentic" and whether his "professed religiosity" is "sincere"); Wisconsin v. Yoder, 406 U.S. 205, 215-16 (1972) (applying the same metric to First Amendment religious claims); see Reed v. Faulkner, 842 F.2d 960, 963 (7th Cir. 1988) (recognizing that "an inmate may adopt a religion merely to harass the prison staff with demands to accommodate his new faith"). Distinguishing between religious and secular beliefs, sincere or insincere, is difficult. See, e.g., Frazee v. Illinois Emp't Sec. Dep't., 489 U.S. 829, 833 (1989). Nevertheless, sincerity of belief is the critical, threshold aspect of the inquiry a court must consider.

Plaintiff presently fails to state facts possessing a Satanic Bible or having the Jail recognize Satanism as an approved religion are sincerely-held religious requirements. Plaintiff expresses his desire as "liking" to have these things, but he fails to allege that they are needed for his own religion practice. Without showing a sincere need, Plaintiff cannot plausibly describe how a defendant's intentional act or omission "substantially burdened" him. See, e.g., Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (discussing "substantial burden").

Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies

3

or customs. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (discussing the deliberate indifference standard for a supervisor's liability under § 1983). While Plaintiff describes a personal act or omission by Weaver, he fails to do so for Price. Even if Plaintiff named Price in an official capacity only, he fails to establish how the Shenandoah County Administrator has any effect on policies at the Jail.

Accordingly, the court grants Defendants' motion to dismiss because the complaint presently fails to state a claim upon which relief may be granted.[2] Plaintiff may be able to correct the noted deficiencies with an amended complaint, and he is granted twenty-one days to do so. On account of the tenuous association between Price and the Jail, Price is terminated as a defendant. See Fed. R. Civ. P. 21.

### III.

For the foregoing reasons, the court grants Defendants' motion to dismiss and terminates Price as a defendant. Plaintiff has twenty-one days to file an amended complaint, and a failure to comply will result in the action being closed and stricken from the active docket. The motion for a temporary restraining order is denied on account of the dismissal of the complaint.

ENTER: This 17th day of April, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[2] Consequently, Plaintiff cannot establish that he is likely to succeed on the merits of the dismissed complaint. Similarly, he fails to show he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest in light of the failure to demonstrate sincerity or substantial burden. See, e.g., Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Accordingly, Plaintiff's motion for a temporary restraining order is denied.